IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YAODI HU and JUN ZHOU, )
)
        Plaintiffs, )
)
v. ) No. 06 C 6589
)
STEVE CANTWELL, TARA FURNARI, )
and FIRST CHICAGO REALTY CORP., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

In their *pro se* complaint,[1] plaintiffs Jun Zhou and Yaodi Hu (wife and husband) allege that they suffered discrimination because of their race and national origin. Plaintiffs allege they are Chinese. They allege that they attempted to purchase a town home from defendant Steve Cantwell. Defendant Tara Furnari

---

[1] After plaintiffs answered the pending motion to dismiss, an attorney filed an appearance on behalf of Zhou. The attorney has not filed any motion on behalf of his client to amend the Complaint or supplement plaintiffs' *pro se* response to the motion to dismiss. Additionally, counsel notes on his appearance form that he is not lead counsel, but that he intends to represent Zhou at trial if the case goes to trial. He also states that he is not admitted to this court's trial bar. Unless another attorney files an appearance, counsel is lead counsel. Also, since he is not a member of the trial bar and is the only attorney of record, he would need a waiver in order to represent Zhou. See N.D. Ill. Loc. R. 83.12(a), (d). A waiver motion under Rule 83.12(d) must be promptly filed.

was Cantwell's real estate agent for the transaction. Defendant First Chicago Realty Corp. is the real estate agency for which Furnari works.

Zhou is a licensed real estate agent and loan originator. Plaintiffs allege that they attempted to purchase the property together and that Hu was designated to negotiate on the couple's behalf even though Zhou is a realtor. It is expressly alleged that plaintiffs made it clear to defendants that Hu was the one they should contact regarding any matter related to the purchase. Nevertheless, defendants insisted on dealing with Zhou, allegedly because they believed they could more easily take advantage of a woman. Ultimately, Zhou was the only one listed as a purchaser on the sales contract for the property. Defendants initially disputed that Zhou should be entitled to a real estate commission for the sale, but the contract that was signed included a provision for her commission.

Plaintiffs allege that defendants discriminated against them in that defendants tried to take advantage of defendants because they are Chinese. Specifically, it is alleged that defendants took advantage of them by misrepresenting the square footage of the town home, misrepresenting the sales price of a similar unit in the town home association, seeking to strike the financing contingency from the sales contract, and by refusing to

allow an inspection of the property based on the inspection being untimely under the sales contract. It is also alleged that defendant Cantwell improperly threatened the appraiser for Zhou's mortgagor, thereby convincing him to raise the valuation in the appraisal. Ultimately, the sale did not occur because financing was not approved. Earnest money of $5,000.00 has not been returned.

Plaintiffs' Complaint contains six counts. Count I is a claim for race discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3604. Counts II and III are claims for racial discrimination in housing in violation of, respectively, 42 U.S.C. § 1981 and 42 U.S.C. § 1982. Count IV is denominated as a claim for violation of the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/3-102. Count IV alleges both race and sex discrimination. Count V is denominated as a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. Count V is based on misrepresentations regarding the square footage of the property and sales price of another unit. Count VI alleges intentional breach of the sales contract for refusing to permit the inspection. Count VI is brought by Zhou only (the buyer) and is against only Cantwell (the seller). All other counts are brought by both plaintiffs against all three defendants.

On January 17, 2007, Cantwell presented his motion to dismiss the Complaint. A briefing schedule was set, with plaintiffs having until February 7 to answer the motion. A separate briefing schedule was set for the other defendants to file a motion to dismiss by January 31, with plaintiffs having until February 21 to answer. On January 30, Furnari and First Chicago instead moved to join Cantwell's motion. The motion was noticed for presentation on February 14. On February 7, plaintiffs filed their response to the pending motion to dismiss, which they labeled as being a response to all three defendants' motion. On February 8, Furnari's and First Chicago's motion to join in Cantwell's motion was advanced and granted. Thereafter, Cantwell and the other two defendants timely filed separate replies.

Defendants contend that the federal discrimination claims fail because plaintiffs fail to allege facts supporting their conclusory allegations of discrimination. Conditions of mind, however, can be generally alleged. Fed. R. Civ. P. 9(b). Conclusory allegations of racial discrimination are sufficient. See Brown v. Budz, 398 F.3d 904, 916 & n.1 (7th Cir. 2005); Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002); Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998); Triad Associates, Inc. v. Robinson, 10 F.3d 492, 497 (7th Cir. 1993). While

defendants point to facts alleged in the Complaint that raise questions about whether there was a discriminatory intent, plaintiffs have not alleged facts that would only support that they were not subjected to discrimination. Plaintiffs have not alleged specific facts conclusively contradicting their conclusory allegations of discriminatory intent. On defendants' motion to dismiss, plaintiffs' allegations that defendants were motivated by a racial animus must be taken as true.

Defendants also contend that the Fair Housing Act claim fails because Cantwell entered into a contract with Zhou to sell the property to her. Cantwell, however, did not agree to sell to Hu. Also, the Fair Housing Act, 42 U.S.C. § 3604(b), as well as sections 1981 and 1982, prohibit discrimination in the terms and conditions of the contract, not just discrimination by refusing to sell.

The federal discrimination claims will not be dismissed.

Count IV contains an original claim for violation of the IHRA. IHRA claims, however, must be pursued in administrative proceedings, with court jurisdiction limited to administrative review. Garcia v. Village of Mount Prospect, 360 F.3d 630, 640 & n.10 (7th Cir. 2004); Shah v. Inter-Continental Hotel Chicago Operating Corp., 314 F.3d 278, 281-82 (7th Cir. 2002). Here,

plaintiffs do not seek judicial review of an administrative determination. Count IV will be dismissed without prejudice.

The Consumer Fraud claim against defendant Cantwell also fails. Such a claim cannot be brought against an individual seller of residential property because such an individual is not engaged in trade and commerce as required by the Consumer Fraud Act. Carrera v. Smith, 305 Ill. App. 3d 1079, 713 N.E.2d 1282, 1284-85 (2d Dist. 1999); Provenzale v. Forister, 318 Ill. App.3d 869, 743 N.E.2d 676, 682 (2d Dist. 2001). Plaintiffs, however, are not bound by the legal characterization of the claim that is contained in the Complaint. The claim can survive as long as the facts alleged would support relief. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000); Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999); Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999); Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir. 1997); Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992). Ordinarily, though, a plaintiff must identify the basis for his or her claim in response to a motion to dismiss. Kirksey, 168 F.3d at 1041-42; Stransky v. Cummins Engine Co., 51 F.3d 1329, 1335 (7th Cir. 1995); Gilmore v. Southwestern Bell Mobile Systems, L.L.C., 224 F. Supp. 2d 1172, 1175 (N.D. Ill. 2002). Here, both plaintiffs were proceeding pro se at the time

they answered the motion to dismiss.  Although plaintiffs do not expressly refer to common law fraud, they do refer to defendants' conduct as being fraudulent.  There is also no contention that plaintiffs have failed to allege fraud with the particularity required by Rule 9(b).  The Complaint identifies the misrepresentations relied on in Count V, identifies who spoke, and the general time period.  Count V may survive as against defendant Cantwell as a common law fraud claim.

The other two defendants are engaged in the business of selling real estate.  Therefore, the Consumer Fraud argument raised by Cantwell in the opening brief does not apply to them. In their reply, defendants raise arguments that were not included in the opening brief.  Since those contentions are without merit, it need not be determined if they were waived.  Defendants contend that it is not alleged that Furnari knew the square footage was inaccurate because it is alleged that this is the same footage used by the prior owners when they sold to Cantwell. However, it is only alleged that Cantwell and Furnari made such a representation about what the prior owners had represented; it is not alleged that such a prior representation had actually occurred or that Furnari had believed it.  See Compl. ¶ 26. Instead, it is expressly alleged that Furnari (as well as Cantwell) knew the statement about square footage was false and

knowingly misrepresented it.  Id. ¶ 14.  Contrary to defendants' contention, it is also alleged that Furnari intended that plaintiffs rely on this misrepresentation.  See id. ¶¶ 13-14.

Defendants also point to allegations in the Complaint that plaintiffs knew of the actual square footage of the property because records of the County Assessor's office contained a lower figure as did the appraiser's report.  They also point to allegations that the appraiser reported lower sales prices of similar units.  The allegations of the Complaint, however, only support that these facts were learned after Zhou signed the sales contract.  Taking the allegations of the Complaint as true, at that point plaintiff had already been fraudulently induced to purchase the town home for a higher price based on the representations that had been made.

Defendants also contend that plaintiff has not alleged actual damage caused by the deception because Zhou learned the truth before closing the deal and the sale never was completed.  Plaintiff, however, lost her earnest money and also incurred expenses of applying for a mortgage and for retaining an inspector.  It is also possible that Zhou would have obtained financing had she not been induced into agreeing to a higher sales price.

Count V will not be dismissed. As against Cantwell, however, it will be limited to common law fraud. Also, since Hu did not enter into the contract, this claim may only be pursued by Zhou.

In the opening brief, the only argument regarding the Count VI contract claim was that it should be dismissed for lack of jurisdiction if all the federal claims were dismissed. In his reply, as a means of showing that the allegations of discrimination are meritless, Cantwell argues that the allegations support that there was no breach of the inspection clause, which is the only alleged breach relied upon for Count VI. In the Complaint, plaintiffs allege that the contract is dated August 23, 2006 and that Zhou requested an inspection for August 30, 2006. In the Complaint, plaintiffs also allege that the time period for an inspection began to run on August 26, 2006, when the earnest money was paid, and therefore an August 30 inspection was timely. Cantwell contends that the inspection period ran from the date the contract was signed, not the date the earnest money was paid.

As to this particular dispute, when the inspection period began to run is immaterial. The contract is not attached to the Complaint, but it is central to allegations of the Complaint, in particular, the breach of contract claim. Cantwell provides a

copy of the contract with his motion to dismiss and plaintiffs do not dispute the accuracy of that copy. The contract document itself may be considered on the motion to dismiss and will override any inconsistent description of its contents that is contained in the body of the Complaint. Continental Casualty Co. v. American National Insurance Co., 417 F.3d 727, 731 n.3 (7th Cir. 2005); Rosenblum v. Travelbyus.com Ltd., 299 F.3d 657, 661 (7th Cir. 2002); Duferco Steel Inc. v. M/V Kalisti, 121 F.3d 321, 324 n.3 (7th Cir. 1997); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). The inspection period contained in ¶ 12 of the sales contract is "5 business days after the Acceptance Date," not five calendar days. Even if the Acceptance Date was August 23, five business days later is August 30. Count VI will not be dismissed.

Count IV will be dismissed without prejudice. Count V is construed as including a claim for both a statutory Consumer Fraud Act claim and a claim for common law fraud. Count V is limited to being brought by Zhou and is dismissed to the extent it includes a statutory Consumer Fraud Act claim against Cantwell. Defendants will be required to answer the remaining allegations of the Complaint. In the meantime, this case will be referred to the assigned magistrate judge (Judge Arlander Keys) to conduct a settlement conference. The parties shall promptly

contact the chambers of the magistrate judge to arrange for such a conference. In the meantime, discovery will be stayed.

IT IS THEREFORE ORDERED that defendants' motion to dismiss [12] is granted in part and denied in part. Count IV is dismissed without prejudice. Count V is limited to being brought by plaintiff Zhou and is dismissed to the extent it includes a statutory Consumer Fraud Act claim against defendant Cantwell. Within three weeks, defendants shall answer the remaining allegations of the Complaint. This case will be referred to the assigned magistrate judge to conduct a settlement conference. All discovery is stayed until further order of court. A status hearing will be held on May 30, 2007 at 11:00 a.m.

ENTER:

*William T. Hart*

UNITED STATES DISTRICT JUDGE

DATED: MARCH 29, 2007