IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YAODI HU and JUN ZHOU,             )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )      No. 06 C 6589
                                    )
STEVE CANTWELL, TARA FURNARI,       )
and FIRST CHICAGO REALTY CORP.,     )
                                    )
            Defendants.             )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Yaodi Hu and Jun Zhou, husband and wife, are Chinese. In their original complaint, which was drafted pro se,[1] plaintiffs allege that they were discriminated against, a contract was breached, and fraud was committed when they attempted to purchase a town home from defendant Steven Cantwell. Also named as defendants are Cantwell's real estate agent, Tara Furnari,[2] and the realty firm for which she works, First Chicago Realty Corp. It is alleged that a contract for the sale of the

---

[1]Subsequent to the filing of the complaint, Zhou retained counsel. Hu is still proceeding pro se.

[2]Plaintiffs allege Furnari and Cantwell were engaged and are now married.

town home was agreed upon as between Zhou and Cantwell,³ but the sale was never consummated. Following the partial grant of defendants' motion to dismiss, see Hu v. Cantwell, 2007 WL 1030468 (N.D. Ill. March 29, 2007), the counts that remain pending are: (I) race discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3604; (II) racial discrimination in housing in violation of 42 U.S.C. § 1981; (III) racial discrimination in housing in violation of 42 U.S.C. § 1982; (V) by Zhou only, common law fraud as against Cantwell and an Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2) claim against Furnari and First Chicago Realty; and (VI) by Zhou against Cantwell, a claim for breach of contract for refusing to permit an inspection.⁴

Presently pending is plaintiff Hu's motion to disqualify the attorneys that represent both Furnari and First Realty. Hu has also moved to file an amended complaint adding six additional defendants.⁵ Also pending is Hu's request to extend the time for discovery.

---

³Plaintiffs allege they attempted to jointly purchase the property, but defendants would only allow Zhou to be a party to the contract.

⁴Count IV, containing a claim pursuant to the Illinois Human Rights Act, was dismissed in its entirety.

⁵During the hearing at which Hu presented the motion, counsel for Zhou represented that Zhou joined in the amendment.

Hu contends there is an actual conflict of interest as between Furnari and First Chicago Realty such that the same law firm cannot represent both of them. Hu contends there is an actual conflict because First Chicago Realty could raise the defense that any misconduct by Furnari was outside the scope of her employment and could also raise additional, unidentified defenses that are distinct from defenses that could be raised by Furnari. Plaintiff also contends there is a potential for fingerpointing or contribution or indemnification claims between the two parties. In his reply, Hu additionally contends that there is a conflict because Cantwell's attorney recommended Furnari's attorney and (Hu assumes) Cantwell's attorney therefore controls the litigation without regard to the interests of First Chicago Realty. Hu further contends that First Chicago Realty is paying for Furnari's defense. Hu also contends it is odd that, being husband and wife, Cantwell and Furnari are not represented by the same attorney. (This last contention is itself odd coming from Hu, since he has chosen to proceed pro se rather than be represented by the same attorney as his wife.)

Local Rule 83.51.7 provides:

> (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
> (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
> (2) each client consents after disclosure.

> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
> (1) the lawyer reasonably believes the representation will not be adversely affected; and
> (2) the client consents after disclosure.
> (c) When representation of multiple clients in a single matter is undertaken, the disclosure shall include explanation of the implications of the common representation and the advantages and risks involved.

The burden is on Hu to establish that defendants' counsel should be disqualified. United States v. Ligas, 2006 WL 1302468 *7 (N.D. Ill. May 10, 2006) (quoting United States ex rel. Cericola v. Ben Franklin Bank, 2003 WL 21476020 *2 (N.D. Ill. June 23, 2003)); Amurol Confections Co. v. Morris National, Inc., 2003 WL 21321344 *2 (N.D. Ill. June 5, 2003); Guillen v. City of Chicago, 956 F. Supp. 1416, 1421 (N.D. Ill. 1997). Disqualification is "a drastic measure which courts should hesitate to impose except when absolutely necessary." Amurol, 2003 WL 21321344 at *2 (quoting Owen v. Wangerin, 985 F.2d 312, 317 (7th Cir. 1993)). Accord Ligas, 2006 WL 1302468 at *7 (quoting Stopka v. Alliance of American Insurers, 1996 WL 204324 *2 (N.D. Ill. April 25, 1996)).

Hu has not satisfied his burden of showing an actual conflict requiring disqualification. The potential for later fingerpointing or contribution/indemnification claims is not

grounds for disqualifying counsel. <u>Flaherty v. Filardi</u>, 2004 WL 1488213 *4-5 (S.D.N.Y. July 1, 2004);[6] <u>A.I. Credit Corp. v. Providence Washington Insurance Co.</u>, 1997 WL 231127 *3 (S.D.N.Y. May 7, 1997). Hu's speculation as to who controls the litigation lacks evidentiary support. His assertion regarding customary practices when two spouses are sued is also without any factual basis. It is more likely true that Furnari's representation is being provided by an insurer (or possibly based on an agreement with her employer) and the insurer (or her employer) would have no obligation to also defend Cantwell.

Hu's motion to disqualify will be denied.

Plaintiffs seek to amend their complaint to add six defendants. The proposed amended complaint omits the claim previously dismissed and makes clear that only a common law fraud claim is brought, not any statutory fraud claim. Inconsistent with the prior allegations and ruling, the fraud and breach of contract claims are not expressly stated as being brought only by plaintiff Zhou. Named as new defendants are Linda Valenti and Andrew Worth who allegedly were attorneys representing Cantwell in the real estate transaction. Their law firm, Andrew D. Worth & Associates is also named as a defendant. Plaintiffs also seek to add three insurance companies as defendants. One is the

---

[6]<u>See also</u> <u>Flaherty v. Filardi</u>, 388 F. Supp. 2d 274, 284-85 (S.D.N.Y. 2005).

Tudor Insurance Company which allegedly provides a business liability policy to First Chicago Realty. Another is John Doe 1, the professional liability insurer for the Worth law firm. The third insurer is John Doe 2, the property insurance carrier for the property that plaintiffs attempted to purchase. The discrimination claims in the proposed amended complaint refer to "defendants" being liable, so these claims are assumed to be against all defendants including the proposed attorney defendants. The fraud claim is specifically stated as being against Furnari and Cantwell, not any of the attorney defendants. The breach of contract claim is stated as being against "seller," which is Cantwell.

Plaintiffs concede that direct actions against insurers are generally inappropriate in Illinois, but contend there are exceptions. The cases cited by plaintiffs, Garcia v. Lovellette, 265 Ill. App. 3d 724, 639 N.E.2d 935 (2d Dist. 1994); Gianinni v. Bluthart, 132 Ill. App. 2d 454, 270 N.E.2d 480 (1st Dist. 1971), do not support that plaintiffs fall under any exception. Plaintiffs will not be granted leave to file an amendment adding the insurers as defendants.

In light of recent precedents, the discrimination claims must be more than speculative and allege sufficient facts to provide adequate notice and an appearance of plausibility. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007);

St. John's United Church of Christ v. City of Chicago, ___ F.3d ___, 2007 WL 2669403 *7 (7th Cir. Sept. 13, 2007); Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, ___ F.3d ___, 2007 WL 2406859 *4 (7th Cir. Aug. 24, 2007); Pisciotta v. Old National Bancorp, ___ F.3d ___, 2007 WL 2389770 *3 (7th Cir. Aug. 23, 2007). Plaintiffs' allegations against Cantwell's attorneys appear to be purely speculative. The facts alleged do not state a plausible claim against the attorneys. The motion to add the attorneys comes more than nine months after this case was filed and well into discovery, which was to have been completed this month. Leave to add the attorneys as defendants will not be granted.

Plaintiffs' motion to amend the complaint (add additional defendants) will be denied.

In his motion to disqualify, Hu also requested an extension of discovery. A short extension will be granted, but plaintiff Hu must use the additional time to engage in discovery. As a pro se litigant, Hu is not expected to simply defer to the positions of the attorneys in the case, but he must act with the recognition that his limited experience and research likely does not give him superior legal skills to those of the attorneys involved in this case. It is expected that the opposing attorneys will treat Hu with respect, but it is also expected that Hu will treat the attorneys with respect as well. It may

also be in Hu's interest to work with Zhou's counsel and carefully listen to any advice that attorney may have or any positions the attorney may take on behalf of Zhou.

All written discovery is to be completed by October 19, 2007 and all discovery is to be completed by November 30, 2007.

IT IS THEREFORE ORDERED that plaintiff Hu's motion to disqualify [51] is denied. Plaintiff Hu's motion to add additional defendants (amend) [68], which was orally joined in by plaintiff Zhou, is denied. Plaintiff Hu's motion to extend discovery [51] is granted in part and denied in part. Written discovery is to be completed by October 19, 2007 and all discovery is to be completed by November 30, 2007. A status hearing will be held on December 5, 2007 at 11:00 a.m.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 20, 2007