IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YAODI HU and JUN ZHOU,            )
                                  )
            Plaintiffs,           )
                                  )
    v.                            )   No. 06 C 6589
                                  )
STEVE CANTWELL, TARA FURNARI,     )
and FIRST CHICAGO REALTY CORP.,   )
                                  )
            Defendants.           )

## OPINION AND ORDER

Pending in this case are claims brought by <u>pro se</u> plaintiffs Yaodi Hu and Jun Zhou, who are husband and wife. Presently pending is plaintiff Hu's motion to compel and a related motion for extension of the date to complete discovery. Since he is not a lawyer, plaintiff Hu, as he has been repeatedly advised, may only represent himself. Therefore the pending motion is only considered as it relates to the claims of plaintiff Hu. Hu has brought claims against defendants Tara Furnari and the real estate agency for whom she worked, First Chicago Realty Corp.[1] Hu alleges that Furnari discriminated

---

[1] Both plaintiffs have stipulated to the dismissal of defendant Steve Cantwell. The pending discovery motions do not pertain to Cantwell.

against him when Hu and his wife attempted to purchase a town home from Cantwell. Hu alleges that Furnari discriminated against him because he is Chinese. This discrimination allegedly included offering less favorable terms for the sale and refusing to include Hu as a purchaser on the sales contract, only his wife.[2] Hu's remaining claims are for race discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3604, and racial discrimination in housing in violation of 42 U.S.C. §§ 1981 and 1982. See Hu I, 2007 WL 1030468 at *4.

In his motion to compel, Hu seeks the following documents: (1) for the past five years, the sales contract for every property owned by Furnari;[3] (2) documents for the subsequent sale of the 453 W. Blackhawk property that Hu and Zhou had attempted to purchase; (3) all documents for real estate transactions that Furnari was involved in and which closed in 2007;[4] and (4) sales documents pertaining to 19 cancelled sales

---

[2] A sales contract was entered into between Zhou and Cantwell, but the sale was never consummated. Breach of contract and common law fraud claims based on the sales contract are limited to being brought by Zhou. See Hu v. Cantwell, 2007 WL 1030468 *1, *3 (N.D. Ill. March 29, 2007) ("Hu I").

[3] It is assumed that plaintiff is referring only to properties sold by Furnari during this time period, not properties purchased by her.

[4] It is assumed that this request pertains only to properties in which Furnari acted as an agent for a buyer or seller other than herself. Hu represents that Furnari testified

in 2006 involving First Chicago Realty, some of which had earnest money returned and some of which did not. Hu wants to be able to depose the managing broker of First Chicago Realty after he receives these documents. Defendants oppose the motion to compel on the ground that the Illinois Real Estate License Act of 2000, 225 ILCS 454, prohibits the disclosure of confidential information; Hu was dilatory in requesting the documents; and the documents are irrelevant to Hu's claims against these two defendants.

The invocation of a privilege will be considered first. The court is sympathetic to defendants' desire to avoid violating Illinois law or place their licenses at risk. Nevertheless, the burden is on the party invoking a privilege to establish every element of the privilege in order to show that the privilege applies. See United States v. BDO Seidman, 337 F.3d 802, 811 (7th Cir. 2003); Sphere Drake Ins. Ltd. v. All Am. Life Ins. Co., 221 F. Supp. 2d 874, 884-85 (N.D. Ill. 2002); Anderson v. Cornejo, 2001 WL 826878 *1 (N.D. Ill. July 20, 2001). Moreover, all of Hu's pending claims are federal claims. State law privileges do not apply to discovery regarding federal claims. Fed. R. Evid. 501; Northwestern Mem'l Hosp. v. Ashcroft, 362 F.3d 923, 925 (7th Cir. 2004); McKevitt v. Pallasch, 339 F.3d 530, 538

---

at her deposition that she was an agent in approximately a dozen transactions that closed in 2007.

(7th Cir. 2003). As a matter of federal common law, though, a privilege similar to that established under state law could possibly be adopted. See Ligas v. Maram, 2007 WL 2316940 *6 (N.D. Ill. Aug. 10, 2007). Defendants, however, fail to make any argument supporting the adoption of such a federal privilege. See McKevitt, 339 F.3d at 538. In any event, even, if the Illinois statute were deemed applicable to this case, defendants have not shown it would preclude disclosure.

The cited Illinois statute provides:

> A designated agent may disclose to his or her sponsoring broker or persons specified by the sponsoring broker confidential information of a client for the purpose of seeking advice or assistance for the benefit of the client in regard to a possible transaction. Confidential information shall not be disclosed by the sponsoring broker or other specified representative of the sponsoring broker unless otherwise required by this Act or requested or permitted by the client who originally disclosed the confidential information.

225 ILCS 454/15-50(c).[5]

The statute defines "confidential information as follows:

> "Confidential information" means information obtained by a licensee from a client during the term of a brokerage agreement that (i) was made confidential by the written request or written instruction of the client, (ii) deals

---

[5] As to the transactions at issue other than Furnari's personal transactions, the sponsoring broker would be First Chicago Realty and the designated agent would be Furnari. See 225 ILCS 454/1-10 (definitions), 15-50(a).

with the negotiating position of the client, or
(iii) is information the disclosure of which
could materially harm the negotiating position of
the client, unless at any time:
    (1) the client permits the disclosure of
information given by that client by word or
conduct;
    (2) the disclosure is required by law; or
    (3) the information becomes public from a
source other than the licensee.
    "Confidential information" shall not be
considered to include material information about
the physical condition of the property.

225 ILCS 454/1-10.

Defendants do not establish that any client has requested that any of the documents remain confidential. As Hu points out, these are closed transactions so there is no possibility of a client's negotiating position being harmed at this point in time. It is possible that one or more internal document "deals with a negotiating position of the client" that was not already made public when communicated to the party on the other side of the transaction. But even if that is true, only that bit of information would qualify as confidential information, not the entire document nor the remainder of the file. And even assuming one or more requested document contains confidential information, such information may be disclosed if "disclosure is required by law." Federal discovery rules would be disclosure required by law. Defendants would not be at risk of violating Illinois licensing law if they disclosed documents pursuant to federal

discovery procedures. To the extent defendants are concerned about revealing personal information of a client, they may request an appropriate protective order or redact personal information that is immaterial to any discovery need of plaintiff.

Since defendants have not provided adequate legal argument that a pertinent federal privilege exists, no discovery will be denied based on a privilege. Alternatively, no discovery will be denied based on § 15-50(c) because defendants have not shown that any disclosure would violate its provisions.

Hu has received a number of extensions to complete discovery. Although, as defendants point out, he is an experienced pro se litigator, he is still proceeding pro se. It is not found that he has acted in a dilatory manner that would justify denying him discovery that was requested before the last discovery deadline expired. Absent good cause being shown, however, no further extensions will be granted beyond those set in today's ruling.

Turning to the particulars of Hu's request, there are valid materiality issues regarding some of the requests. The issue of retained earnest money is a contract issue pertaining only to plaintiff Zhou. Hu is not entitled to discovery regarding the 2006 cancelled contracts.

After the sale to Zhou fell through, the property was sold to another purchaser. As to that sale, defendants shall provide a copy of the sales contract and any amendments thereto. Defendants may redact the name of the purchaser, his/her/its prior address, and any other personal information that may not be pertinent to Hu's claim of discrimination. Defendants should not redact any information regarding the race of the purchaser that is in any of the documents. Also, if names are redacted, defendants must still indicate whether the purchaser was an entity, one person, or more than one person; the gender of any person; and, if more than one person, whether there are express or implicit indications that the purchasers were married.

Furnari was acting as an agent for Cantwell.[6] Plaintiff does not explain why contracts regarding Furnari's personally owned property would be relevant or likely to lead to relevant evidence regarding Hu's claims. Furnari will not be required to provide documents regarding her personally owned property.

Hu requests documents related to 2007 sales for which Furnari was an agent. It is represented that there were approximately a dozen such sales so producing such documents should not be burdensome. Hu seeks these documents as possible

---

[6] It has been alleged that Furnari and Cantwell were engaged at the time. However, it has not been alleged that Furnari had any ownership interest in the property that is the subject of plaintiffs' complaint.

comparatives to show that he was treated in a discriminatory manner. Defendants do not contend that certain transactions should be excluded because they have no possibility of being comparables. Defendants shall provide the requested documents, but may limit their response to sales of residential properties. They may also redact the names of those involved in the transactions and other personal information, but information regarding race, marital status, and the number and nature (human or entity) of the sellers/purchasers should not be redacted.

Within three weeks, defendants shall provide the additional documents. Within two weeks, Hu shall serve notice as to the date, time, and place for the deposition of the managing broker. The date of the deposition shall be no later than August 15, 2008. Discovery is extended to August 15, 2008, but only for the limited purpose of Hu deposing the managing broker and for defendants to provide the additional documents.

IT IS THEREFORE ORDERED that plaintiff Hu's motions to extend [105] and compel [106] discovery are granted in part and denied in part. Within three weeks, defendants Furnari and First Chicago Realty shall provide the additional documents as described herein. The discovery closing date is extended to August 15, 2008, but only for the limited purpose of defendants providing the additional documents and First Chicago Realty's

managing broker being deposed. A status hearing will be held on September 3, 2008 at 11:00 a.m.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: JULY 9, 2008