IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YAODI HU and JUN ZHOU,            )
                                  )
              Plaintiffs,         )
                                  )
         v.                       )     No. 06 C 6589
                                  )
STEVE CANTWELL, TARA FURNARI,     )
and FIRST CHICAGO REALTY CORP.,   )
                                  )
              Defendants.         )

## OPINION AND ORDER

Pending in this case are claims brought by pro se[1] plaintiffs Yaodi Hu and Jun Zhou, who are husband and wife. Following a ruling on defendants' motion to dismiss and a subsequent settlement with one defendant, certain claims of the original complaint remain pending against defendants Tara Furnari and the real estate agency for which she worked, First Chicago Realty Corp. Plaintiffs allege that Furnari discriminated against them because they are Chinese when plaintiffs attempted to purchase a town home from Cantwell. This discrimination allegedly included offering less favorable terms for the sale and

---

[1] For a period of time during this litigation, Zhou was represented by an attorney. While the attorney appeared at a number of status and motion hearings, he did not draft the complaint nor any substantive brief regarding any motion.

refusing to include Hu as a purchaser on the sales contract, only Zhou. A sales contract was entered into between Zhou and Cantwell, but the sale was never consummated. The remaining claims brought by both plaintiffs are race discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3604, and racial discrimination in housing in violation of 42 U.S.C. §§ 1981 and 1982. See Hu v. Cantwell, 2007 WL 1030468 *4 (N.D. Ill. March 29, 2007) ("Hu I"). Also contained in the original complaint are breach of contract and fraud claims based on the sales contract. Based on the allegations of the original complaint, representations made in briefs, and statements plaintiff Hu has made in court, it has repeatedly been held or stated that the breach of contract and fraud claims are limited to being brought by Zhou, the only one who signed the sales contract as the buyer. See id. at *1, 3; Sept. 20, 2007 Order [80] at 2 & n.3 ("Hu II"); Jan. 2, 2008 Order [101] ("Hu III"); July 9, 2008 Order [117] at 1, 2 n.2, 6 ("Hu IV"). The contract claim was only against defendant Steve Cantwell. See Compl. Count VI, prayer for relief ("the buyer respectfully request this Court find that the seller intentionally breached the contract") (emphasis added); Hu I, 2007 WL 1030468 at *3-4; Hu II, at 2. See also Hu IV, at 7 & n.6 (Furnari allegedly was acting as an agent of Cantwell and there is no allegation she had an ownership

interest in the town home). Since Cantwell has been dismissed from this action, the contract claim is no longer pending.

Presently pending are plaintiffs' motion to amend the complaint and Hu's recently filed motion to compel discovery and extend the discovery closing date. Plaintiffs[2] represent that they desire to amend the complaint to add allegations that Hu was an undisclosed principal who may bring a contract claim on his own behalf. They also state that they want to add allegations that Furnari and Cantwell were married prior to the termination of the unconsummated contract, which they contend is a basis for holding Furnari liable on the contract claim. Plaintiffs have submitted a proposed amended complaint. It includes additional allegations consistent with the previously mentioned intent. See Proposed Am. Compl. [118-2] ¶¶ 3, 8. It still contains federal claims for violations of the Fair Housing Act, § 1981, and § 1982. It still contains a state law statutory fraud claim and a breach of contract claim. The contract claim apparently is pleaded against First Chicago Realty as well as Furnari.

---

[2]Plaintiff Hu has been repeatedly advised that, since he is not an attorney, he cannot represent Zhou before this court, including not being able to bring motions on her behalf. See, e.g., Hu III; Hu IV, at 1. In his reply brief, Hu acknowledges his awareness of this rule. The motion to amend and proposed amended complaint are signed by both plaintiffs. The reply brief in support of the motion to amend and motion to compel/extend discovery are signed only by Hu.

Plaintiffs also include claims for the violation of 42 U.S.C. § 1985(3); the federal criminal mail and wire fraud statutes, 18 U.S.C. §§ 1341, 1343; and the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c), 1964(c). In their motion to amend, plaintiffs do not mention these new counts. In his reply, Hu gives reasons for waiting until this point in time to add the allegations regarding being an undisclosed principal and Furnari having an ownership interest. He represents that he was hoping to settle the case and not go to trial. Now that there is a possibility of a trial and Zhou is not represented by an attorney, Hu wants to be able to bring the contract claim in his own name so he can present the evidence and arguments regarding the claims that require he be a party to the contract.[3] As to now contending that Furnari is a party to the contract, Hu represents that, having settled with Cantwell for a limited amount, plaintiffs want to be able to obtain the fullest possible contract damages against another possible party to the contract.

This court has the discretion to deny motions for leave to amend. This includes denying leave to amend when the case has been delayed, discovery is closed or closing, and defendants

---

[3]Apparently unlike Zhou, Hu is an experienced pro se litigant.

would be unduly prejudiced because the amendment will require additional discovery. See Soltys v. Costello, 520 F.3d 737, 743-44 (7th Cir. 2008); Park v. City of Chicago, 297 F.3d 606, 613 (7th Cir. 2002); Land's End, Inc. v. Remy, 2006 WL 3019862 (W.D. Wis. Sept. 20, 2006); McCann v. Frank B. Hall & Co., 109 F.R.D. 363, 387 (N.D. Ill. 1986). Delay alone is usually not sufficient, but the longer the delay the greater the presumption against granting leave to amend and some delay may, by itself, be sufficient ground to deny leave to amend. Soltys, 520 F.3d at 743. Also, leave to amend may be denied if the amendment would be futile because it fails to state a viable basis for relief. Id.; Dewitt v. Proctor Hosp., 517 F.3d 944, 949 (7th Cir. 2008); General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1085 (7th Cir. 1997).

This case was originally filed on November 29, 2006. After a ruling on pleadings and an attempt to settle the case, discovery was originally set to be completed by September 28, 2007. Two attempts to amend the complaint have been denied, neither of which included allegations regarding Hu being an undisclosed principal or Furnari being an owner of the property. See Order dated June 13, 2007 [43]; Hu II, at 5-7. Plaintiffs were granted repeated requests to extend discovery. Discovery was set to close on April 25, 2008. On the day discovery was closing, Hu filed a motion to extend discovery in order to

complete one deposition. A week later he filed a motion to compel. The motion to compel was granted in part and discovery was extended to August 15, 2008, but only for the limited purpose of taking the deposition of First Chicago Realty's managing broker and defendants providing the additional documents required by the partial grant of the motion to compel. See Hu IV, at 6-9. Defendants were to provide the additional documents by July 30, 2008. Hu was specifically instructed that notice of the deposition had to be served by July 23, 2008 and the deposition had to be taken by August 15, 2008. Id. at 8. While it was found that Hu's prior discovery delays were not a sufficient basis for denying this limited discovery, it was expressly stated that: "Absent good cause being shown, however, no further extensions will be granted beyond those set in" Hu IV. Id. at 6.

Nevertheless, on July 28, 2008, plaintiffs filed their motion to amend which would require substantial additional discovery, particularly the RICO claim. The allegation regarding Hu being an undisclosed principal would require substantial additional discovery regarding the alleged agency agreement that existed between Hu and Zhou. The § 1985(3) claim would require additional discovery regarding the existence of a conspiracy. The additional discovery would likely require redeposing plaintiffs and possibly others. The allegation regarding Furnari being an owner apparently would not require any additional

discovery because it is based solely on the date of Furnari's marriage and the termination date of the sales contract.[4] Since there have already been substantial delays and the amendment would unduly prejudice defendants by requiring substantial additional discovery, there is good reason to deny the motion to amend.

Additionally, Hu's stated reasons for not amending at an earlier time are both insufficient and inconsistent with the procedural record in this case. Pro se litigant Hu cannot postpone raising a claim directly on his own behalf because he expects his represented co-plaintiff Zhou to adequately pursue the claim on her own behalf, especially when bringing the claim in Hu's own name requires substantial additionaly discovery. Moreover it is not true that Zhou was represented by counsel when the original and still pending complaint was first filed. The original complaint was filed pro se and no attorney appearance was filed for Zhou until two and one-half months after the complaint was filed. Moreover, in October 2007, Zhou's attorney first moved to withdraw from the case. On January 16, 2008, Zhou

---

[4] It is possible that even this claim would require additional discovery because Furnari was not previously a defendant to the contract claim and it is unknown whether this claim requires any distinct discovery that defendants did not obtain for the other claims or because Cantwell had requested it before settling.

appeared in court and represented she did not oppose the motion to withdraw, which was granted. It was more than nine months after the motion to withdraw was filed and more than six months after that motion was granted before plaintiffs filed the pending motion to amend. Even if Hu justifiably delayed seeking an amendment while Hu was represented by counsel, he engaged in substantial delay while she was unrepresented before moving to add the undisclosed principal claim.

As to the stated justification for adding Furnari as a defendant to the contract claim, it is inappropriate to wait to the last hour to attempt to raise a claim against one defendant after plaintiffs have settled with another defendant. Compare Finley v. George Weston Bakeries Distrib., Inc., 2007 WL 906500 (D. Me. March 22, 2007); Compagnoni v. United States, 1996 WL 636110 *6 (S.D. Fla. Aug. 30, 1996), reconsideration denied, 1997 WL 416482 (S.D. Fla. May 13, 1997), aff'd on other grounds, 173 F.3d 1369 (11th Cir. 1999). Moreover, a settlement with Cantwell was first reached in January 2008, see Hu's May 28, 2008 Reply to Motion to Compel [111] ¶ 1, yet plaintiffs waited approximately six more months to attempt to add Furnari as a defendant to the contract claim. Again, even if this were otherwise a sufficient justification, plaintiffs waited too long before seeking the amendment.

Additionally, even if adding Furnari as a defendant to the contract claim would not require additional discovery, that amendment would be denied as futile. Furnari's marriage to Cantwell did not make her an owner of the property or a party to the sales contract. See generally In re Popa, 218 B.R. 420, 422-23 (Bankr. N.D. Ill. 1998), aff'd sub nom., Popa v. Peterson, 238 B.R. 395 (N.D. Ill. 1999). At most, it would have required that she be compensated for or disclaim/release her right to occupancy (and possibly a homestead right) at the time of closing a sale of the town home, if such closing occurred after her marriage and she had been residing in the town home. See id.; 750 ILCS 65/16; 765 ILCS 5/27. Plaintiffs have no viable contract claim against Furnari based on her marriage to Cantwell.

Leave to amend to add certain additional claims would also be alternatively denied as futile. There is no implied private right of action for a violation of the mail and wire fraud statutes and therefore an independent claim for violations of those statutes is not viable. Wisdom v. First Midwest Bank, of Poplar Bluff, 167 F.3d 402, 407-08 (8th Cir. 1999); Mondry v. American Family Mut. Ins. Co., 2006 WL 2787867 *5 (W.D. Wis. Sept. 26, 2006); Cole v. Forest Park Sch. Dist. 91, 2006 WL 1735252 *1 (N.D. Ill. June 19, 2006); Foley v. Plumbers & Steamfitters Local No. 149, 109 F. Supp. 2d 963, 970 (C.D. Ill. 2000). Mail and wire fraud violations can be predicate acts

supporting a civil RICO claim.[5] See 18 U.S.C. §§ 1961(1)(B), 1964(c); Pizzo v. Bekin Van Lines Co., 258 F.3d 629, 631-32 (7th Cir. 2001). In the proposed amended complaint, however, plaintiffs do not adequately plead a § 1962(c) RICO claim. For example, all the fraud allegations concern one transaction, the sale of the town home, and do not adequately allege a pattern of racketeering activity. See Slaney v. The Int'l Amateur Athletic Fed'n, 244 F.3d 580, 599-600 (7th Cir. 2001); Gagan v. American Cablevision, Inc., 77 F.3d 951, 963 (7th Cir. 1996); Holding v. Cook, 521 F. Supp. 2d 832, 840-41 (C.D. Ill. 2007); Mancari's Chrysler/Jeep, Inc. v. Universal Auto Leasing, Inc., 2005 WL 2284305 *3 (N.D. Ill. Sept. 15, 2005); Starfish Inv. Corp. v. Hansen, 370 F. Supp. 2d 759, 780 n.28 (N.D. Ill. 2005); Miyano Mach. USA, Inc. v. Zonar, 1993 WL 23758 *5 (N.D. Ill. Jan. 29, 1993).

Because there was undue delay and it will unduly prejudice defendants, leave to amend will be denied. Alternatively, leave to add most of the additional allegations and counts would be denied on grounds of futility.

On August 31, 2008, after discovery had closed, Hu filed a motion to compel and a motion to extend discovery. As was set

---

[5]Contrary to their assertion in ¶ 80 of the proposed amended complaint, violations of sections 1981, 1982, and 3604 are not predicate acts under RICO. See 18 U.S.C. § 1961(1).

forth above, Hu IV expressly stated the extension of discovery that was granted was limited to the specific items stated therein and that no further extension would be granted absent good cause. Hu seeks to compel a response to a document production request issued on July 18, 2008, after Hu IV. Hu IV did not permit the issuance of a new document request. Defendants will not be compelled to respond to the request.

Also, Hu does not show good cause for extending discovery. He contends he did not take the permitted deposition because plaintiff had not provided the documents requested in the July 2008 document request. Hu IV ordered that defendants provide certain documents by a specified date. There is no contention by Hu that defendants failed to timely provide those documents. Hu had no good reason for failing to timely schedule the deposition. No further extension of discovery will be permitted.

Defendants have previously indicated that they intend to file a motion for summary judgment. A status hearing will be held on October 22, 2008 at 11:00 a.m. No later than the date of the status hearing, defendants shall present their motion for summary judgment.[6] Any necessary briefing schedule will be set

---

[6]If the summary judgment motion is presented on October 22, 2008 it still must be filed and served by no later than October 20, as required by Local Rule 5.3(a)(1), and a

at the time the motion is presented.[7] If no summary judgment motion is presented, a short date will be set for the presentation of the final pretrial order.

IT IS THEREFORE ORDERED that plaintiffs' motion to amend [118] is denied. Plaintiff Hu's motion to compel and to extend discovery [124] is denied. Discovery is closed. A status hearing will be held on October 22, 2008 at 11:00 a.m.

ENTER:

*William T. Hart*

UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 10, 2008

---

judge's copy timely provided as required by Local Rule 5.2(e).

[7]If plaintiffs desire to cross move for summary judgment, they should join any such motion with their response to defendants' motion for summary judgment.