

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
NOV - 3 2008
Nov 3 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JUN ZHOU | ) |
| YAODI HU | ) |
| | ) 06 cv 6589 |
| Plaintiffs | ) |
| | ) |
| vs | ) Judge: Hart |
| | ) Magistrate Judge: Keys |
| Steve Cantwell | ) |
| Tara Furnari | ) Jury Trial demanded |
| First Chicago Realty Corp. | ) |
| | ) Claims: $300,000 |
| Defendants | ) punitive damages |

# Motion to Strike Exhibits B, C, H, J of Defendants' Motion for Summary Judgment

## Introduction

1. Defendant Tara Furnari and First Chicago Realty filed their motion for Summary judgment on October 20, 2008. (doc. 127).

2. Attached to defendant's motion are some exhibits. Exhibit C is partial transcript of deposition of Jun Zhou. Exhibit H is partial transcript of deposition of Albert Gannon. Exhibit J is partial transcripts of deposition of Deborah Barnes. Exhibit B is partial transcript of deposition of Yaodi Hu. (doc. 127-2) (doc.127-3) None of the attached transcript is complete.

1

3. There was no certification to any of the deposition transcript attached. Deponents' remarks are being taken out of context, when only partial transcripts of depositions are offered.

4. FRCP 30 (f)(1) mandates that "The officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. The certificate must accompany the record of the deposition."

5. Rule 30 (f)(1) requires that depositions be "promptly filed … with the court in which the action is pending" unless otherwise ordered by the court. This filing requirement was added to Rule 30 in 1980." *Tavoulareas v. Washington Post Company* 724 F.2d 1010, 1015 (D.C. Circuit, 1984).

6. Rule 32 (a)(6) states that "If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced" Not complying with Rule 32(a)(6) could be reversible error. *Trepel v. Roadway Express Inc.*, 194 F.3d 708, 718(6th Cir. 1999)

7. Federal Rule of Evidence 106 states that "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

8. Under Rule 30 (f), "[e]xcerpts from depositions are not competent summary judgment evidence unless the party offering them attaches a copy of the court reporter's certificate certifying that the copy is true and correct." *Zhu v.*

*Countrywide Realty, Company Inc.* 165 F.Supp. 2d 1181, 1194-95 (D. Kan. 2001).

9. In ruling on summary judgment motion, court should consider only evidence that will be admissible at trial . *Pink Supply Corp. v. Hiebert, Inc.* (DC Minn. 1985).

10. "When written documents are relied on, they must be exhibited in full." *Sprague v. Vogt* 150 F.2d 795 (8th Cir. 1945),

11. Hu therefore move this Court to strike Exhibit B, Exhibit C, Exhibit H, Exhibit J for being incomplete violating Federal Rule of Evidence 106, FRCP 32 (a)(6). Hu also moves this Court to strike those exhibits for violating FRCP 30(f)(1) without proper certification.

12. Further, Hu respectfully move this Court to order defendants attaching full transcripts of those depositions to their summary judgment by certain date. Hu respectfully move this Court to reset briefing schedule giving Hu 30 days responding to defendants' Motion for Summary Judgment after defendants filing full transcripts of all those depositions.

Respectfully submitted,     yaodi hu     219 w. cermak Chicago IL 60616

Name:     Yaodi Hu    219 w. Cermak Chicago IL 60616     (773) 216 3173
Signature:     Yaodi Hu

3