UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUN ZHOU | ) | |
| YAODI HU | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | Civil Case No. 06 C 6589 |
| vs | ) | |
| | ) | |
| Steve Cantwell | ) | Judge Hart |
| Tara Furnari | ) | |
| First Chicago Realty Corp. | ) | |
| | ) | |
| Defendants | ) | |

# Motion to Strike Part of Tara Furnari's Affidavit and Defendants' Rule 56.1 Statement ¶ 25

## Introduction:

1. Defendants' Rule 56.1 Statement of Fact ¶ 25 is based upon Exhibit D, Furnari's Affidavit ¶ 6.

2. Tara Furnari is not a competent witness in laying the foundation and testifying the content in her Affidavit ¶ 6. It would be hearsay for her to testify that "Mr. Cantwell was told by the developer that the square footage was 2200 square feet," even though she would be competent to testify that Steve Cantwell told her that the square footage was 2200 square feet.

3. Therefore, Hu respectfully moves this Court to strike Furnari's Affidavit ¶ 6 and defendants' Rule 56.1 Statement of Fact ¶ 25. (doc. 127-3, ¶ 25)

**Certain Fact:**

4. Steve Cantwell bought the subject property May 8, 2000 from David Cerone for $413,000. see Exhibit A, Exhibit C.

5. David Cerone bought the subject property from David Mcgee on April 15, 1998 for $308,000. see attached Exhibit B, Exhibit D.

6. Exhibit A,B,C,D all come from www.ccrd.info, which is the website of Cook County Recorder of Deeds and the property index number, PIN for the subject property is 17-04-123-046-0000. Search of information under that PIN number in www.ccrd.info would yield Exhibit A,B,C,D.

**Case Authority and Analysis:**

7. As is demonstrated by the Exhibit A,B,C,D, Steve Cantwell did not buy the property from the developer in 2000. It is also extraordinarily unlikely that Mr. Cantwell Would keep the Multiple Listing sheet for six years to show Tara Furnari. Tara Furnari did not provide that Multiple Listing sheet to support her statement, nor did Mr. Cantwell provide his affidavit supporting Tara Furnari's statement.

8. Even if that Multiple Listing sheet were to be available, Tara Furari would not be competent in laying the proper foundation presenting that evidence. Essentially, Tara Furari was trying to present hearsay on behalf of Cantwell, who might also

be incompetent to testify what the developer said, because Cantwell did not buy the property from the developer. See Exhibit A, B, C, D.

9. Defendants' Rule 56.1 Statement of Fact ¶ 25 states the following: " Mr. Cantwell was told by the developer that the square footage was 2200 square feet, and so told Ms. Furnari, who relayed that information. Hu." (doc. 127-3, ¶ 25).

10. The problem is that the first part of the statement 25, "Mr. Cantwell was told by the developer" is clearly hearsay. Mr. Cantwell would be competent to testify what he heard from the developer. The second part of statement 25 also has hearsay problem. Even if Mr. Cantwell did tell Tara Furnari what was alleged in Statement 25, and therefore Tara Furnari has personal knowledge as to what Mr. Cantwell told her, the content of this Tara Furnari's Affidavit ¶ 6 would still be hearsay. Tara Furnari was trying to use Multiple Listing to indirectly "hearsay" the developer's representation. We did not have that alleged "Multiple Listing Sheet". Nor is it always true that Multiple Listing would display the square footage represented by the developer. Tara Furnari was attempting to use multiple layer of hearsay to escape her own responsibility of intentional misrepresentation of square footage.

11. Tara Furnari's statement would not be admissible under **_Federal Rule of Evidence 802 and 602._**

12. Rule 56 (e) specifically mandates that "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

13. "Rule 56(e) is clear in requiring that supporting and opposing affidavits must be based on personal knowledge," *Mickelson v. Albertson's Inc*. 226 F.Supp.2d 1238, 1241 (D. Idaho, 2002). Tara Furnari's statement in her affidavit, Exhibit D, ¶ 6 was not based upon her personal knowledge. It was based upon hearsay from Mr. Cantwell..

14. It is well settled that "only admissible evidence may be considered in ruling on a motion for summary judgment." *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1182 (9th Cir.1988). Pursuant to Rule 56(e), affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *See also Block v. City of Los Angeles,* 253 F.3d 410, 419 (9th Cir. 2001). see *Mickelson v. Albertson's Inc*. 226 F.Supp.2d 1238, 1241 (D. Idaho, 2002)

15. An affidavit not based on personal knowledge cannot be considered by the court in ruling on a motion for summary judgment. *Palucki v. Sears, Roebuck & Co.,* 879 F.2d 1568, 1572 (7th Cir.1989). see *Burton v. Great Western Steel Co.* 833 F.Supp. 1266, 1269 (N.D. Ill. 1993) See *Londrigan v. Federal Bureau of Investigation*, 670 F.2d 1164, 1174 (C.A.D.C., 1981)(Its requirement of personal knowledge by the affiant is unequivocal, and cannot be circumvented.") Hearsay evidence may not be considered on summary judgment. *Jacklyn v. Schering-Plough Hear-care Prods. Sales Corp.* 176 F.3d 921, 927 (1999, CA 6 Mich)

16. "Affidavit that does not measure up to standards of Rule 56 (e) is subject to motion to strike, but formal defects are waived in absence of motion or other

objection." <u>*Noblett v. General Electric Credit Corp.*</u> 400 F.2d 442. 445 (1968, CA 10 Okla)

**Conclusion:**

**17.** Tara Furnari can neither properly lay the foundation for that alleged Multiple Listing sheet, nor can she present the hearsay from Mr. Cantwell. It appeared from the Record that Mr. Cantwell did not buy the property from the developer. Tara Furnari's affidavit failed to provide any admissible evidence. Tara Furnari's Affidavit ¶ 6 and defendants' Statement of Fact 25 would not measure up to the standards of Rule 56 (e) and therefore,

**18.** Hu hereby respectfully pray this Court to strike defendants' Rule 56.1 Statement of Fact ¶ 25 and Tara Furnari's Affidavit Paragraph 6. (doc. 127-4, Exhibit D, ¶ 6)

Respectfully submitted, yaodi Hu 219 w. Cermak Chicago IL 60616

Signature: yaodi hu

773 216 3173