IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YAODI HU and JUN ZHOU,          )
                                )
          Plaintiffs,           )
                                )
     v.                         )    No. 06 C 6589
                                )
STEVE CANTWELL, TARA FURNARI,   )
and FIRST CHICAGO REALTY CORP., )
                                )
          Defendants.           )

## OPINION AND ORDER

Pro se plaintiffs Yaodi Hu and Jun Zhou, husband and wife, allege defendants Tara Furnari and the real estate agency for which she worked, First Chicago Realty Corp., discriminated against them and committed fraud[1] related to Zhou's attempted purchase of a town home from Steve Cantwell.[2] Plaintiffs allege that Furnari discriminated against them because they are Chinese. A sales contract was entered into between Zhou and Cantwell, but the sale was never consummated. The remaining claims brought by

---

[1]As has been previously held, the fraud claim is only on behalf of Zhou, the one who signed the sales contract as buyer. See Hu v. Cantwell, 2008 WL 4200289 *1 (N.D. Ill. Sept. 10, 2008) ("Hu V").

[2]Cantwell was also named as a defendant in this case, but the claims against him were settled.

both plaintiffs are race discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3604, and racial discrimination in housing in violation of 42 U.S.C. §§ 1981 and 1982. See Hu V, 2008 WL 4200289 at *1; Hu v. Cantwell, 2007 WL 1030468 *4 (N.D. Ill. March 29, 2007) ("Hu I"). Zhou's fraud claims are based on both common law fraud and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. See Hu I, 2007 WL 1030468 at *1, *3. Presently pending are defendants' motion for summary judgment and related motions of plaintiffs to strike certain documents supporting defendants' motion.³ As required by Local Rule and Seventh Circuit precedent, plaintiffs were provided the required "Notice to Pro Se Litigants Opposing Summary Judgment." See Docket Entry [129]; N.D. Ill. Loc. R. 56.2; Outlaw v. Newkirk, 259 F.3d 833, 841 (7th Cir. 2001);

---

³After briefing on defendants' summary judgment motion was completed and well after the time set for plaintiffs filing their own summary judgment motion, see Hu V, 2008 WL 4200289 at *4 n.7, plaintiffs filed their own summary judgment motion. Defendants moved to strike that motion as untimely. Whether to brief plaintiffs' summary judgment motion was held in abeyance pending ruling on defendants' summary judgment motion. Since defendants' summary judgment motion is being granted, there can be no basis for granting plaintiffs' summary judgment motion. Plaintiffs' summary judgment motion will be denied and defendants' motion to strike will be denied as moot. In ruling on defendants' motion for summary judgment, however, the factual assertions and citations contained in plaintiffs' Rule 56.1(a)(3) statement in support of their own summary judgment motion have been considered in determining whether there are any genuine factual disputes that would preclude granting defendants' summary judgment motion.

Worthem v. Carasquillo, 2009 WL 1034957 *2 (N.D. Ill. April 16, 2009).

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. Scott v. Harris, 127 S. Ct. 1769, 1774, 1776 (2007); Fischer v. Avanade, Inc., 519 F.3d 393, 401 (7th Cir. 2008); Scaife v. Cook County, 446 F.3d 735, 738-39 (7th Cir. 2006). The burden of establishing a lack of any genuine issue of material fact rests on the movant. Hicks v. Midwest Transit, Inc., 500 F.3d 647, 651 (7th Cir. 2007); Creditor's Comm. of Jumer's Castle Lodge, Inc. v. Jumer, 472 F.3d 943, 946 (7th Cir. 2007); Outlaw, 259 F.3d at 837. The nonmovant, however, must make a showing sufficient to establish any essential element for which it will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Hicks, 500 F.3d at 651; Jumer, 472 F.3d at 946. The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. Celotex, 477 U.S. at 324. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. See Lorillard Tobacco Co. v. A & E Oil, Inc., 503 F.3d 588, 594-95 (7th Cir. 2007); Yasak v. Retirement Bd. of Policemen's Annuity & Benefit Fund of Chicago, 357 F.3d 677, 679 (7th Cir. 2004); NLFC, Inc. v.

Devcom Mid-America, Inc., 45 F.3d 231, 236 (7th Cir. 1995); Covalt v. Carey Canada, Inc., 950 F.2d 481, 485 (7th Cir. 1991); Collins v. Associated Pathologists, Ltd., 844 F.2d 473, 476-77 (7th Cir. 1988); Freundt v. Allied Tube & Conduit Corp., 2007 WL 4219417 *2 (N.D. Ill. Nov. 29, 2007). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Logan v. Commercial Union Ins. Co., 96 F.3d 971, 978 (7th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" Logan, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." Id. (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment

> purposes only when there is "sufficient evidence
> favoring the nonmoving party for a jury to return
> a verdict for that party." Anderson v. Liberty
> Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505,
> 91 L. Ed. 2d 202 (1986). Hence, a "metaphysical
> doubt" regarding the existence of a genuine fact
> issue is not enough to stave off summary
> judgment, and "the nonmovant fails to demonstrate
> a genuine issue for trial 'where the record taken
> as a whole could not lead a rational trier of
> fact to find for the non-moving party . . . .'"
> Logan, 96 F.3d at 978 (quoting Matsushita Elec.
> Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.
> 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538
> (1986)).

Outlaw, 259 F.3d at 837.

The parties agree as to the following facts. A contract was reached between Zhou and Cantwell to purchase the town home for $597,000. An agreement was also reached that Zhou's commission for the consummated transaction would be $14,825. Attempts were made to arrange an inspection of the property by Zhou's retained inspector, but no agreed upon time was reached and no inspection was actually conducted. The property was appraised for $590,000. Zhou withdrew from the contract after financing was not approved.

In response to summary judgment, plaintiffs support their claims with the following contentions. Zhou contends that Furnari committed fraud in that she misrepresented the square footage of the town home and misrepresented that another unit in the town home complex had recently sold for $585,000. It is also

contended that these acts were discriminatorily committed because plaintiffs are Chinese. It is further contended that Furnari committed two additional acts of discrimination: interfering with the attempt to inspect the property and seeking not to pay Zhou, who is a licensed realtor, any commission and eventually agreeing to an arrangement to pay her less than the standard share of the commission. Defendants contend plaintiffs' discrimination claims fail because they cannot show discriminatory intent. Among other contentions, defendants argue the fraud claims fail because Zhou cannot satisfy the reliance or damages requirement.

Plaintiffs' motions to strike will be addressed first. In addition to being a real estate agent, Zhou owned a mortgage brokerage firm. Her firm acted as the broker for her financing the purchase of the town home. The mortgage brokerage firm retained Albert Gannon's firm to appraise the town home for purposes of the mortgage application. Gannon was the supervising appraiser and was named as a witness in plaintiffs' Rule 26 disclosures. Defendants' attorney deposed Gannon. Plaintiffs object to defendants' reliance on Gannon's opinions, in particular to support defendants' statement of facts ¶¶ 26-30. They contend Gannon does not qualify as an expert and defendants failed to provide proper notice or a written expert's report.

Gannon was a certified appraiser who owned a firm that employed appraisers. He had personally performed more than a thousand appraisals and had supervised hundreds. He qualifies to testify regarding appraisal practices. Since he was not retained by defendants to provide opinions, there is no requirement that defendants provide an expert report. See Fed. R. Civ. P. 26(a)(2)(B); Musser v. Gentiva Health Serv., 356 F.3d 751, 756-57 (7th Cir. 2004). Even when the report requirement does not apply, ordinarily Rule 26(a)(1) still requires that it be disclosed that a witness will be used to provide expert testimony. Id.; Owens v. Powell, 2009 WL 347001 *6 (N.D. Ill. Feb. 5, 2009). It need not be decided if the Rule 26(a)(1) disclosure requirement still applies when the witness is disclosed by one party and the other party does not expressly disclose it will use opinions the witness expressed at a deposition. Here, the only opinions relied upon are those that were fully disclosed to plaintiffs when Gannon was deposed. Thus, plaintiffs were well aware of Gannon's opinions and had the opportunity, if they had chosen to pursue it, of doing their own questioning of Gannon. Under these circumstances, plaintiffs are not prejudiced by the use of the opinions and using the opinions will not be barred. See Commonwealth Ins. Co. v. Titan Tire Corp., 398 F.3d 879, 888 (7th Cir. 2004); Owens, 2009 WL 347001 at *6. This motion to strike will be denied.

Plaintiffs also move to strike a paragraph of Furnari's affidavit and a related paragraph of defendants' fact statement. The fact statement is: "Mr. Cantwell was told by the developer that the square footage was 2200 square feet, and so told Ms. Furnari, who relayed that information to Mr. Hu." Furnari's actual affidavit statement is that, in providing square footage information to Hu, she "based" her statement "on the Multiple Listing sheet that Mr. Cantwell showed me from the time that [he] purchased the property." Furnari can testify as to what information she relied on and her source of the information. Her testimony does not and cannot support that Cantwell was actually told this square footage by the developer. This last fact, however, is not material to today's ruling.[4] To this limited extent, plaintiffs' motion to strike will be granted. It is otherwise denied.

Plaintiffs also move to strike a portion of Zhou's deposition testimony and a related fact statement because Zhou's testimony about a past lawsuit was based on hearsay, not personal knowledge. Since a statement of a party, any statement by Zhou can be used against her (but not Hu unless she is considered his agent or representative) based on the statement being a party

---

[4] Since, as discussed below, the related fraud claims are resolved based on Zhou's reliance or deception, it is not even material to today's decision what the source of Furnari's information was nor even whether the information was true.

admission. See Fed. R. Evid. 801(d)(2). This issue, however, need not be resolved because the fact at issue, whether Hu was found liable for racial discrimination in a past lawsuit, is not material to today's decision. This motion to strike will be denied without prejudice, but nothing about the past lawsuit will be considered in ruling on defendants' motion for summary judgment.

Plaintiffs' discrimination claims will be considered first. Plaintiffs concede they have no direct evidence of discrimination and must rely on the indirect method of proof. See generally McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); East-Miller v. Lake County Highway Dep't, 421 F.3d 558 (7th Cir. 2005) (Fair Housing Act); Allen v. Muriello, 217 F.3d 517, 520 (7th Cir. 2000) (same); Andonissamy v. Hewlett-Packard Co., 547 F.3d 841, 840 (7th Cir. 2008) (§ 1981); Shaikh v. City of Chicago, 2002 WL 1147739 *3 (N.D. Ill. May 28, 2002), aff'd, 341 F.3d 627 (7th Cir. 2003) (§§ 1981 & 1982). Plaintiffs, however, point to no basis for inferring that any of the allegedly wrongful conduct was done because of their race. They apparently believe that the fact that they are Chinese is a sufficient basis for inferring that any alleged wrong is motivated by discrimination. That, however, is not a sufficient basis for a reasonable inference. See Crim v. Board of Educ. of Cairo Sch. Dist. No. 1, 147 F.3d 535, 543 n.19 (7th Cir. 1998);

Rivas Rosado v. Radio Shack, Inc., 312 F.3d 532, 534 (1st Cir. 2002); Iadimarco v. Runyon, 190 F.3d 151, 156 (3d Cir. 1999); Bailey v. Walmart #2555, 2008 WL 637783 *3 (D. Del. March 7, 2008); Jackson v. Bob Evans-Columbus, 2006 WL 3814099 *7 (W.D. Pa. Dec. 22, 2006); Barnes v. Yorkshire Townhomes, 2005 WL 3784926 *9 (W.D. Ark. Dec. 12, 2005). In order to make a prima facie showing supporting the indirect method of proof, there must be a set of facts sufficient for inferring discrimination, which generally must include a showing that similarly situated persons outside the protected category were treated more favorably. See Washington v. Krahn, 467 F. Supp. 2d 899, 905 (E.D. Wis. 2006); Shaikh, 2002 WL 1147739 at *3; Phillips v. Mezera, 2002 WL 31655208 *11 (N.D. Ill. Nov. 25, 2002), aff'd by unpublished order, 84 F. App'x 641 (7th Cir. 2003).

Some § 3604(a) cases recite a prima facie case that does not include showing similarly situated persons. See, e.g., Krieman v. Crystal Lake Apartments Ltd. P'ship, 2006 WL 1519320 *6 (N.D. Ill. May 31, 2006) (citing Hamilton v. Svatik, 779 F.2d 383, 387 (7th Cir. 1985)) ("1) plaintiffs are members of a protected class; 2) defendants were aware of their class membership; 3) plaintiffs were ready, willing, and able to buy, rent, or otherwise inhabit a dwelling; and 4) defendants refused to allow them to do so."). Hamilton, however, recites the prima facie standard for a claim of discriminatory effect, not a claim

of intentional discrimination that plaintiffs bring here. Also, this standard applies to situations where there is an outright refusal to rent or sell and also requires a showing that the buyer was able and willing to rent or buy. Neither of those factors are satisfied here. Cantwell did not refuse to contract with plaintiffs and Zhou was not able and willing to buy the property because she could not obtain financing.

Since plaintiffs have not presented sufficient evidence to support a <u>prima facie</u> case of discrimination, their discrimination claims fail and will be dismissed.

Since all the federal claims have been dismissed, Zhou's supplemental state law fraud claims could be dismissed without prejudice. <u>See</u> 28 U.S.C. 1367(a)(3). However, since there have been lengthy proceedings in this case and the fraud issues are fully addressed in the pending summary judgment briefing, discretion will be exercised to retain jurisdiction to resolve defendants' summary judgment motion regarding the fraud claims.

Under Illinois law, an element of common law fraud is that plaintiff herself reasonably relied on the misstatement to influence her action. <u>Village of Bensenville v. City of Chicago</u>, ___ Ill. App. 3d ___, ___ N.E.2d ___, 2009 WL 80963 *33 (2d Dist. Jan. 7, 2009). For a statutory Consumer Fraud claim, actual reliance need not be shown, but it must be shown that the plaintiff or a related party involved in the activity at issue

was actually deceived in a manner that proximately caused damage to the plaintiff. Shannon v. Boise Cascade Corp., 208 Ill. 2d 517, 805 N.E.2d 213, 218-19 (2004); Hanson-Suminski v. Rohrman Midwest Motors, Inc., 386 Ill. App. 3d 585, 898 N.E.2d 194, 203 (1st Dist. 2008), appeal denied, 231 Ill. 2d 632, 902 N.E.2d 1084 (2009); Oshana v. Coca-Cola Co., 472 F.3d 506, 513-14 (7th Cir. 2006); Langendorf v. Conseco Senior Health Ins. Co., 590 F.Supp. 2d 1020, 1022 (N.D. Ill. 2008).

Furnari told Hu that the town home was 2200 square feet. It was actually 2137 square feet.[5] Ignoring whether that was a material difference, there is no evidence that Zhou, either directly or through the information given to Hu, was deceived by the overstatement of the square footage or that the 2200 figure in any way contributed to her deciding to contract to purchase the property. Therefore, as to this claimed misstatement, plaintiff has failed to satisfy the reliance element of a common law fraud claim or damages element of a Consumer Fraud claim.

Zhou's fraud claims are also based on Furnari's statement that another unit in the town home complex had recently sold for $585,000. There is no evidence to support that Zhou, directly or through Hu's involvement in the transaction, believed that such a

---

[5]For appraisal purposes, it had 1887 square feet of living space. That is a measurement distinct from what is commonly used by realtors to describe the square footage of a residence.

sale actually existed or that it in any way affected Zhou's decision to enter into a contract for which she could not obtain financing.

For the foregoing reasons, plaintiffs' discrimination and fraud claims fail. Summary judgment will be granted dismissing plaintiffs' remaining claims.

IT IS THEREFORE ORDERED that plaintiffs' motion to strike [136] is denied without prejudice. Plaintiffs' motion to strike [144] is granted in part and denied in part. Plaintiffs' motions to strike [137] and for summary judgment [158] are denied. Defendants' motion to strike [161] is denied without prejudice. Defendants' motion for summary judgment [127] is granted. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiffs dismissing plaintiffs' cause of action with prejudice.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: MAY 6, 2009